IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:08-cv-00683-CKK |
| | ) | |
| HARRY SANDERS | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO EXTEND TIME IN WHICH TO EFFECT SERVICE OF PROCESS

The United States requests an additional 60 days up to and including October 20, 2008, to serve defendant Harry Sanders with a copy of the complaint and summons in this action. As grounds for its motion, the United States states that despite diligent efforts, it has been unable to serve Sanders within the 120 day limit prescribed in Fed. R. Civ. P. 4(m).

A memorandum in support of this motion and proposed order are filed herewith.

DATE: August 15, 2008.    Respectfully submitted,

    /s/ Duston K. Barton
DUSTON K. BARTON
DC Bar 970445
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-514-9961
Duston.Barton@usdoj.gov

3512015.2

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:08-cv-00683-CKK |
| ) | |
| HARRY SANDERS ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM IN SUPPORT OF
<u>MOTION TO EXTEND TIME IN WHICH TO EFFECT SERVICE OF PROCESS</u>

The United States requests an additional 60 days up to and including October 20, 2008, to serve defendant Harry Sanders with a copy of the complaint and summons in this action. As grounds for its motion, the United States states that despite diligent efforts, it has been unable to serve Sanders within the 120 day limit prescribed in Fed. R. Civ. P. 4(m).

<u>STATEMENT</u>

On April 21, 2006, an erroneous refund was sent to Sanders and his wife. The Internal Revenue Service was unable to collect in full the erroneous refund, and on April 21, 2008, the United States filed the present action. At the time the complaint was filed, Sanders was out of the country. He subsequently returned to the United States on June 1, 2008 via New York City. Sanders is in the United States on a ninety day visa, set to expire on August 30, 2008. The United States has no current address for Sanders. The address provided by Sanders when he arrived in New York was the Marriott in Times Square. However, he is not currently residing there.

The last known physical address for Sanders is in Cape Girardeau, Missouri. However, when an Internal Revenue Service revenue officer made a field call to that address, he was told by the current residents that Sanders no longer lives there. The revenue officer was not given a forwarding address.

The United States was able to track down a current phone number for Sanders, and he was contacted regarding this suit. Sanders provided two post office boxes as his "addresses," but would not provide a physical address. Sanders stated that he is on the road all the time and travels frequently between New Jersey and Missouri. On July 15, 2008, the United States sent requests to waive service to Sanders to the post office boxes he provided. After obtaining an email address from Sanders, the request to waive service was also provided via email.

By telephone conversation on or about July 30, 2008, Sanders stated that he was willing to sign the waiver of service and would do so by the following week. However, no waiver of service was received. On August 8, 2008, Sanders responded to an email by the undersigned, and stated that he would sign the waiver of service by Tuesday, August 12, 2008. The undersigned requested that a copy by emailed or faxed to his attention on that day. As of the date of this filing, no waiver has been forthcoming.

In addition to seeking a waiver of service from Sanders, the United States has hired two private investigators to locate and to serve Sanders. The investigators were retained on August 6, 2008. However, as of the date of the date of this motion, they have been unable to locate and serve Sanders.

ARGUMENT

Fed. R. Civ. P. 4(m) states that "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . must dismiss the action without prejudice . . . or order that service be made within a specified time."  The Rule also states that "if the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period."  *Id.* (emphasis added).  "Good cause" has been shown, for example, when a long investigation finally turned up evidence of an elusive defendant's whereabouts, *Clayman v. Jung*, 173 F.R.D. 138 (E.D. Pa. 1997), and when the plaintiff made repeated attempts to serve the defendant by mail and diligently tried to ascertain the defendant's address and finally succeeded in serving the defendant by publication and by substituted service on the defendant's mother, *see Bright v. Harrison*, 1988 WL 50328 (E.D. Pa. 1988).

Moreover, at least one district court has held that the expiration of a statute of limitations alone is good cause to enlarge the 120-day period.  *Rhodan v. Schofield*, 2007 WL 1810147 at *5 (N.D. Ga. 2007)(slip op.) ("harsh result" of expiration of statute of limitations "is 'good cause' to enlarge the 120-day period").  *See also* Wright and Miller, *Federal Practice & Procedure* § 1137 Time Limit for Service ("The Advisory Committee Notes to the 1993 Amendments to Rule 4(m) suggest that a district court should extend the time for service even if there is no good cause shown if the applicable statute of limitations would bar a refiled action, the defendant is evading service, the defendant conceals a defect in attempted service, or care is needed to protect a pro se plaintiff.")

The United States has tried diligently to serve an elusive defendant without a known physical address. Moreover, despite agreeing to waive service, defendant has failed to execute a valid waiver, and so far two private investigators have been unable to serve the defendant. Accordingly, the United States has shown "good cause" for failure to serve Sanders within the 120-day period and therefore requests a 60 day enlargement of time to effect service.

Additionally, there is a two year statute of limitations period to recover an erroneous tax refund. 26 U.S.C. § 6532(b). As the refund was issued on April 21, 2006, if the complaint is dismissed for failing to serve within the 120-day period, the United States will be barred from recovering the erroneous refund. This "harsh result" is also "good cause" to enlarge the period to effect service. *See Rhodan*, 2007 WL 1810147 at *5; Wright and Miller, *Federal Practice & Procedure* § 1137 Time Limit for Service.

//
//
//
//
//
//
//
//
//

CONCLUSION

For the foregoing reasons, the Court should grant the United States' motion to extend time in which to serve Sanders up to and including October 20, 2008.

DATE:  August 15, 2008.

                                      Respectfully submitted,

                                      /s/ Duston K. Barton
                                      DUSTON K. BARTON
                                      DC Bar 970445
                                      Trial Attorney, Tax Division
                                      U.S. Department of Justice
                                      P.O. Box 227
                                      Washington, D.C. 20044
                                      202-514-9961
                                      Duston.Barton@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

The forgoing MOTION TO EXTEND TIME IN WHICH TO EFFECT SERVICE OF PROCESS with accompanying MEMORANDUM and proposed ORDER have been served by filing the documents electronically with the Court, and sending copies in the mail, postage prepaid and addressed as follows:

> Harry Sanders
> P. O. Box 5678
> Deptfor, NJ 08096

 /s/ Duston K. Barton
DUSTON K. BARTON

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:08-cv-00683-CKK |
| HARRY SANDERS | ) ) ) | |
| Defendant. | ) | |

ORDER

Having considered the United States' motion to extend time in which to effect service of process, the Court

GRANTS the United States' motion; and

ORDERS that the United States shall have until October 20, 2008, to serve the defendant.


DATE: _____       _____
                                          UNITED STATES DISTRICT JUDGE

3513332.1